Thomas E. Dvorak [ISB #5043]
Jason J. Blakley [ISB #9497]
GIVENS PURSLEY LLP
601 West Bannock Street
P.O. Box 2720
Boise, Idaho  83701-2720
Office: (208) 388-1200
Fax: (208) 388-1300
tedservice@givenspursley.com
jasonblakley@givenspursley.com
14033484_1  [13886-2]

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WARM SPRINGS COMMUNITY CORPORATION, an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>HELIOS DEVELOPMENT, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 18-cv-68<br><br><br>**COMPLAINT TO QUIET TITLE** |

Plaintiff, Warm Springs Community Corporation (the "Corporation"), by and through its

counsel of record, Givens Pursley LLP, for cause of action and complaint against Defendant Helios

Development, LLC ("Helios"), does hereby allege and complain as follows:

## PARTIES

1.      The Corporation is an Idaho non-profit, non-stock corporation established in 1976

and created for the purpose of acquiring title to, constructing, improving, maintaining, and operating

recreational and common area facilities for the common use of the owners of Warm Springs

**COMPLAINT - 1**

Townhouse Condominiums Nos. 1, 2, 3, and 4 (the "Condominium Complex") in Ketchum, Idaho,

and their guests.  There are 22 condominiums within the Condominium Complex (the "Units").

2.      Helios is a Delaware limited liability company and, pursuant to a Grant Deed dated

January 5, 2007, recorded as Instrument No. 543557 in the records of Blaine County, Idaho (the

"Grant Deed"), owns two parcels adjacent to the Condominium Complex, identified by the Blaine

County Assessor's Office as RPK05780010000 ("Block 1") and RPK057800200A0 ("Block 2"),

located at 1803 Warm Springs Road, Ketchum, Idaho 83340, and more particularly described as:

> Block 1 and 2 of Warm Springs Ranch Resort P.U.D. Large Block
> Plat, Blaine County, Idaho, according to the official plat thereof,
> recorded as Instrument No. 576508, records of Blaine County,
> Idaho.

## JURISDICTION AND VENUE

3.      The value of the object of this litigation exceeds the sum or value of $75,000.00,

exclusive of interests and costs, and is between citizens of different states; therefore, jurisdiction

is appropriate under 28 U.S.C. § 1332.

4.      Given the location of the property that is the subject of this litigation, Ketchum,

Idaho, venue is proper under 28 U.S.C. § 1391.

## COMMON ALLEGATIONS

5.      The Corporation is the management body of the Condominium Complex.

6.      Membership in the Corporation belongs, and is inextricably tied, to the then-current

owners of the respective Units (the "Corporation Members"), who also own the common area

within the Condominium Complex.  Each Unit owner is a member and upon the sale of a Unit,

membership in the Corporation passes to the new owner.

**COMPLAINT - 2**

7.      A roadway and utility easement for the perpetual benefit of the Condominium Complex, recorded as Instrument Nos. 129077 and 165890 in the records of Blaine County, Idaho (the "Roadway Easement"), runs through the northeastern portion of Block 1.

8.      To the west of the Roadway Easement, on or near the southeasterly boundary of Block 1, lies a paved section of land that the Corporation Members and their predecessors in interest have traditionally used as a parking and garbage disposal area (the "Parking Area") for the Units located in Warm Springs Townhouse Condominium No. 1.

9.      To the east of the Roadway Easement, on or near the southeasterly boundary of Block 1, lies an area upon which the Corporation has installed sprinklers and lighting and has traditionally irrigated and that the Corporation Members and their predecessors in interest have traditionally used as common space (the "Common Area") for the Condominium Complex.

10.     Helios obtained ownership of Block 1 subject to "the easements, rights of way and other matters listed as 'Permitted Exceptions' on Exhibit B attached" to the Grant Deed.

11.     Among the Permitted Exceptions is stated the following:

> An inspection of said land discloses a possible Landscape, Asphalt and Dumpster encroachment along the south easterly boundary of Parcel 5 [Block 1] of said land, and any rights, easements, interests or claims which may exist by reason thereof.

12.     Warm Springs Creek runs through the northern portion of Block 2.

13.     Near the northernmost portion of Block 2 and to the east of Warm Springs Creek lies a section of land upon which the Corporation has erected a fire pit and surrounding seating and that the Corporation Members and their predecessors in interest have traditionally used as a gathering place (the "Fire Pit Area").

**COMPLAINT - 3**

## COUNT ONE
### Quiet Title—Prescriptive Easement (Parking Area)

14.     The Corporation realleges and incorporates by reference the allegations contained in the foregoing paragraphs.

15.     The Condominium Complex falls within the purview of the Idaho Condominium Property Act, Idaho Code § 55-1501 *et al*.

16.     As the Condominium Complex's management body, Idaho Code section 55-1513 permits the Corporation to bring this action on behalf of the Corporation Members.

17.     The Corporation Members and their predecessors in interest, together with their families, guests, and invitees, have used the Parking Area continuously, on a year-round basis, for parking and housing garbage receptacles for Warm Springs Townhouse Condominium No. 1 for the applicable statutory period under Idaho Code § 5-203.

18.     Said use was open and notorious, continuous and uninterrupted, adverse and under a claim of right, with the actual or imputed knowledge of Helios and/or its predecessors in interest.

19.     By means of said use, the Corporation, for the benefit of the Corporation Members and their families, guests, and invitees, has acquired an easement by prescription over the Parking Area.

20.     The Corporation requests, and is entitled to a judgment and decree quieting title to the Parking Area in favor of the Corporation and against Helios and anyone else claiming an interest in the Parking Area through Helios.

## COUNT TWO
### Quiet Title—Prescriptive Easement (Common Area)

21.     The Corporation realleges and incorporates by reference the allegations contained in the foregoing paragraphs.

22.     The Corporation Members and their predecessors in interest, together with their families, guests, and invitees, have used the Common Area continuously, on a year-round basis, as common space for the Condominium Complex for the applicable statutory period under Idaho Code § 5-203.

23.     Said use was open and notorious, continuous and uninterrupted, adverse and under a claim of right, with the actual or imputed knowledge of Helios and/or its predecessors in interest.

24.     By means of said use, the Corporation, for the benefit of the Corporation Members and their families, guests, and invitees, has acquired an easement by prescription over the Common Area.

25.     The Corporation requests, and is entitled to a judgment and decree quieting title to the Common Area in favor of the Corporation and against Helios and anyone else claiming an interest in the Common Area through Helios.

## COUNT THREE
### Quiet Title—Prescriptive Easement (Fire Pit Area)

26.     The Corporation realleges and incorporates by reference the allegations contained in the foregoing paragraphs.

27.     The Corporation Members and their predecessors in interest, together with their families, guests, and invitees, have used the Fire Pit Area continuously, on a year-round basis, as a common gathering space for the Condominium Complex for the applicable statutory period under Idaho Code § 5-203.

28.     Said use was open and notorious, continuous and uninterrupted, adverse and under a claim of right, with the actual or imputed knowledge of Helios and/or its predecessors in interest.

29.    By means of said use, the Corporation, for the benefit of the Corporation Members and their families, guests, and invitees, has acquired an easement by prescription over the Fire Pit Area.

30.    The Corporation requests, and is entitled to a judgment and decree quieting title to the Fire Pit Area in favor of the Corporation and against Helios and anyone else claiming an interest in the Fire Pit Area through Helios.

## COUNT FOUR
### Declaratory Judgment

31.    The Corporation realleges and incorporates by reference the allegations contained in the foregoing paragraphs.

32.    Idaho Code § 10-1201 authorizes declaratory judgments, and Idaho Code § 10-1202 provides that a person interested under a statute may obtain a declaration of his rights, status or other legal relations thereunder.

33.    The Corporation is a person, as defined by Idaho Code § 10-1213, interested under statutes, Idaho Code §§ 5-203 and 6-401, and is entitled to have a declaration of its rights, status or other legal relations thereunder declared by this Court.

34.    Idaho Code § 10-1208 provides that further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.

35.    The Corporation requests, and is entitled to a judgment declaring that it, for the benefit of the Corporation Members and their families, guests, and invitees, has obtained easements by prescription to use the Parking Area, Common Area, and Fire Pit Area in the respective manners described above, the scope of which will be further specified in due course as this litigation proceeds, and that Helios and any and all persons claiming through it may not interfere with the Corporation Members' use of the Parking Area, Common Area, and Fire Pit

Area and are enjoined and restrained from any interference with the Corporation Members' use of these areas.

## ATTORNEYS' FEES AND COSTS

31.    In accordance with Idaho Code § 12-121 and other applicable law, the Corporation is entitled to its reasonable costs and attorneys' fees in the amount of $5,000 in the event of a judgment by default or such other and further amount as this Court may deem appropriate under the circumstances in the event this proceeding is contested and the Corporation is deemed the prevailing party.

## PRAYER FOR RELIEF

WHEREFORE, THE CORPORATION PRAYS for the following relief:

1.    For judgment in favor of the Corporation and against Helios on all counts of the foregoing Complaint;

2.    For the specific relief sought in each of the foregoing Counts;

3.    For costs and attorneys' fees in the event of a default judgment in the amount set forth above and incorporated into this prayer by reference as if set forth in full, or in such other and further amount as this Court may deem appropriate in the event this case is contested.

4.    For such other and further relief as this Court deems appropriate under the circumstances.

DATED this 9th day of February, 2018.

GIVENS PURSLEY LLP


 /s/  *Jason J. Blakley*
Jason J. Blakley
Attorneys for Plaintiff


**COMPLAINT - 7**